Taylor, Chief-Justice.
 

 Whether the probate offered in this case is admissible evidence, depends on the construction of several acts of Assembly passed on the subject, and the just application of some legal principles, the observance of which in important to the security of properly.
 

 A comparison of the I lift
 
 see.
 
 of the
 
 ad of 1184, chap,
 
 204, with the
 
 5th sec.
 
 of the 29
 
 Gar.
 
 2,
 
 duty.
 
 3, will shew beyond controversy that our Legislature had that in yiew
 
 ;
 
 and that, with the exception of the, number1 of wit-stesses, the omission of the word
 
 si
 
 attested,” and the
 
 *240
 
 adoption of that part of the
 
 slat.
 
 23
 
 6reo.
 
 2, which renders void a devise to a witness, it was their design to ava^ themselves of so much of the said statute as prescribes the essentials in executing a will.
 

 Wherever title to land is claimed, under a devise by that statute, the devisee must produce the
 
 original
 
 will in Court, and establish its execution by proof, in the manner required by law. But in this State
 
 probates
 
 arc received in evidence, and attested
 
 copies
 
 of wills are made testimony except where fraud or irregularity is
 
 suggested;
 
 and in such cases the
 
 original
 
 will must be exhibited. As the probate of a will upon the trial of an ejectment can be admissible evidence solely upon the ground that the County Court receiving it, admitted the will to record upon proper proof of its execution according to the act, it follows that the cases decided upon the
 
 29ih
 
 Oar. relative to the execution of wills, must furnish criteria by which to ascertain, whether a probate in this State has been properly received. There is no other sure way of enforcing the statute, since if every probate were admissible, the effect would be to repeal it, and thereby to leave to the County Courts to pronounce on the manner in winch a will shall be proved, whcdier by a witness or by evidence of the hand-writing.
 

 The effect of the act of 1784 is, to prevent the Court from seeing the intention of the testator to dispose of his real estate, if in truth he has not done it with the solemnities enjoined by the statute. It is true that the Court cannot
 
 read
 
 a will without the words
 
 iS
 
 real estate5’ in it, but the
 
 act of
 
 1784 binds them to sáy, that if a man by a will nnattested by two witnesses, gives his real estate, he did not mean to give it at all. — -(2
 
 Ves.jr.
 
 652.)
 

 Where a will is not contested, one of the subscribing witnesses is sufficient to have it recorded ; and so upon the proof of a will, upon a trial at law, one of the witnesses is sufficient to establish it. — (1789,
 
 ch.
 
 SO.)
 

 
 *241
 
 .'By ascertaining what facts and circumstances such witness is required to prove for that purpose, it will be readily seen what proof is necessary to admit the will ,o record. Besides the sanity of the testator and his signing or acknowledgment, both of which are shewn in this case, it is also necessary to prove the subscription of the witnesses in the testator’s presence.
 

 But although one witness is sufficient to prove the will, yet it is necessary for that one to prove all that is necessary to establish its validity — (iZoií’s
 
 Hep.
 
 744.) And if the other witnesses even refused to verify their attestation, the proof of their hand-writing is sufficient, if only one witness proved the other circumstances of the execution.
 
 Lord Camden,
 
 speaking of the method of proof in a Court of Common Law, says, " One witness is sufficient to prove what all three have attested ; and though that witness must, he a subscriber, yet that is. owing to the general Common Law rule, that where a witness has subscribed an instrument, he must always he produced, because ho in the best evidence. This we sec in common experience, for after the first witness has been examined the will is always read.”
 

 The objection, that no notice is taken in the subscription, of the fact of its having been done in the presence of the testator, is not valid: for that ceremony is not required by the act of 1784, and whether it were so expressed or not, it must be proved to have been so done to the jury, under the 28ZÁ
 
 Car.
 
 2, and now by analogy to the County Court. This point has been directly de»
 
 cided
 
 — {Cornyn’s
 
 Jlep.
 
 531 — 2
 
 Slrartge i
 
 109.)
 

 Jt then appears from the probate, that a will of real property has been proved only by one, witness; and there is no ground to presume either that proof of bis subscription in the presence of the testator, or of any subscription by the other witness, was made to the Court directing the probate, which if so made in this State, would b<> clearly inadmissible in evidence, For the act
 
 *242
 
 requires the subscription of the witnesses to be made in presence of the testator, for the purpose of guarding against fraud, and to prevent the substitution of a false wj¡j jn p]acc 0f tfie true one.
 

 I think it by no means probable that a probate of this kind would be deemed admissible in Tennessee, where the act'of 1784 has been in force. But even if the law be altered, and a will of land attested by only one witness is sufficient to pass the title to land there, it can have no effect upon a title to land in this State. For it is a principle founded in reason, and confirmed by an uniform current of authorities, that a title to land can be acquired and lost only in the manner prescribed by the law of the place where such land is situate. Every person, says
 
 Lord Kenyon,
 
 haying property in a foreign country, may dispose of it in this, though indeed, if there be a law in that country directing a particular mode of conveyance, that must be adopted — (4
 
 Term Rep.
 
 492.) And the devise of land must necessarily depend upon the law of the country, for where an Englishman, being beyond sea, made a will disposing of land in England, it ivas held void, because it had but two witnesses. — (2 P,
 
 Wins.
 
 290.) A writer on the Civil Law, whose decision on this subject is often quoted with approbation, maintains that a state affixes certain rights to the dominion of real property, and is therefore interested in its disposal, and could not, without great inconvenience, suffer it to be conveyed with its incidental rights, by the laws of another and contrary to its own laws — (2
 
 Huleras,
 
 13— 1
 
 Tit.
 
 3.)
 

 In opposition to these principles and authorities, it would be giving a loose and mischievous construction to the act of 1802, chap. 23, to consider it as giving validity to deeds and wills executed in other States for land in this $ and thereby to repeal all our acts, which so anxiously prescribe the modes of transfer, in all cases
 
 *243
 
 where they happen to conflict with the laws of other States.
 

 But its only object was to authenticate the copies of those instruments, such as they are 5 not to decide upon their legal efficacy or operation, but to leave that to the Courts where a title might be controverted. This, 1 think, is conclusively shewn by two expressions in the act itself 5 one is, that a copy from another State can only be received where the original deed or will cannot be obtained to register in the county where the land lies: lienee the copy to be admissible in evidence, must he of such a deed or will as would be admitted to record in this State. This test applied to the copy offered here, effectually excludes it; for it has been shewn that a will so proved could not be admitted to record in this State. And the conclusion of the act points to the same crite-. rion, it shall be admitted in the
 
 same manner,
 
 as a copy from any of the Registers’ or Clerks’ offices” in this State.
 

 The Constitution of tiio United States, and the act of Congress of 1790, ch. 11, which have also been relied on in favour of this probate, do not advance,the argument in its support. The act, after providing for the mode of authenticating the records and judicial proceedings of the State Courts, declares “Unit they shall have •• such faith and credit given to tl\em in every Court *'•' within the United States, as they have by law or usage ” in the Courts of the State from whence the said records are or shall be taken.” Admitting that a Court in Tennessee should he called upon
 
 indirectly
 
 to decide upon the title of land in this State, for
 
 directly
 
 it could entertain no jurisdiction in the case, the established principles of judicature would necessarily lead to the en-quiry how land is devisable in this State, and upon ascertaining that two witnesses arc necessary, the probate now offered would be rejected there.
 

 
 *244
 
 For these reasons, I am satisfied that the evidence was properly rejected, and that a new trial ought not ha awarded.
 

 Hall, Judge.
 

 By the act of 1784, ch. 204, sec. 11, no last will or testament shall be good or sufficient, either in law or equity', to convey or give any estate in lands, &c. unless such will shall have been written in testator’s life, and signed by him, &c. and subscribed in his presence by two witnesses at least, no one of which shall be interested in the devise of said lands.
 

 This is a general law, and embraces the case of all wills wherever made, in which lauds arc devised that lie within the limits of this State. It belongs to the Legislature to make such regulations as to them may seem right, as to the titles of land within the State.
 

 By the act of 1784, ch. 225, all probates of wills in the County Courts shall be sufficient testimony for the devise of real estates, and attested copies of such wills, or the records thereof, by the proper officer, shall and may be given in evidence in the same manner as the originals. By this act, ample provision is made for giving in evidence all wills made within the. State, and by the act of 1802, ch. 628, provision is made for giving wills in evidence, which may be made without the limits of the State, as follows, ‘ “ a copy of the will or
 
 “
 
 deed after the same has been proved or deposited, “ agreeably to the laws of the State where the persons
 
 s<
 
 died or made the same, being properly certified, either
 
 “
 
 according to the act of Congress, passed in May, 1790, “ or by the proper officer of said State, &c. that then the “ said copy shall be read as evidence in the Courts of “this State, and shall be admitted in the same manner
 
 “
 
 as a copy from any of the Registers’ or Clerks’ offices “ therein.” In this case, there is no objection made to the authentication of the will of John Strother, but it is objected that it has been proved by but one witness, and
 
 *245
 
 the proof made of its execution by that witness is set forth verbatim, and the idea is excluded that it was proved by that witness in any other way; there is no ground on which to infer that this witness proved that the other witness subscribed his name in that character, in the presence of the testator, and 1 think the objection a good one. k think the Legislature intended by the act of 1802, to point out the way in which wills made out of the State should he authenticated, but not to give validity to them, or in other words, to repeal the act of 1784 requiring two witnesses, provided they were not made conforma-bly thereto. This would be to require less proof of Wilis made without the State, than of those made within it. I think they intended that the will might be read when properly authenticated $ but not to give validity to a devise of lands, unless made agreeably to the iaw of the laud. It has been thought in argument, that the act of 1789, ch. 308, probably had some bearing on the case
 
 i
 
 that act declares, that a written will, with witnesses thereto, shall be proved by at least one of the subscribing witnesses. The title of that act is, “an act to ** amend an act entitled an act concerning proving of “ wills, &c, passed in the year 1715 it points out the place and manner of proving wills as above stated, and makes many regulations concerning the estates of deceased persons, not connected with the present question. It never once speaks of the act of 1784 requiring two witnesses to a will, and I cannot bring myself to believe, that the Legislature, by any thing they have there said, intended to repeal it. Indeed, Í think the two acts may stand well together, for by the latter act, if the will is proved by one witness, who also proves that another subscribed as a witness, as the law requires, the act of 1784 is
 
 satisfied;
 
 besides, if it should bo proved only by one witness, it would be sufficient to pass personal properly, and on that account the will should be admitted
 
 to
 
 record. But in case the will is contested, the
 
 *246
 
 act of 1789 goes further than the act of 1784, it then re-q™’68 ^ie production of all the living witnesses, if tobe found.
 

 For these reasons, believing that the act of 1784 requiring two witnesses to a will of lands, whether made within or without the State, has not been repealed, 1 think the rule for a now trial should be discharged.